IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>LAZONO FERNANDO DEAMUES, )<br>)<br>Defendant. ) | Criminal No. 08-209<br>Judge Nora Barry Fischer |

## MEMORANDUM ORDER

Presently before the Court are Defendant Lazono Fernando Deamues' *pro se* Petition filed on October 3, 2012 (Docket No. [78]), which the Court construes as a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c), the "Supplement to Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" filed on November 27, 2012, by court-appointed counsel Thomas Livingston, Assistant Federal Public Defender, on Defendant's behalf (Docket No. [82]]), his Second Supplement filed on December 11, 2012 (Docket No. [83]), and the "Government's Response to Defendant's Motion for Retroactive Application of Sentencing Guidelines for Crack Cocaine Offenses Under 18 U.S.C. § 3582(c) and Accompanying Supplements to Said Motion" filed on January 15, 2013 (Docket No. [86]). Upon consideration of the parties' positions, and for the following reasons, IT IS HEREBY ORDERED that Defendant's Motion [78] is DENIED.

By way of background, the Court notes that on November 19, 2009, Defendant pled guilty to one count of conspiracy to distribute and possess with intent to distribute fifty grams or more of crack cocaine in violation of 21 U.S.C. § 846 and was subject to a ten-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(iii). (Docket Nos. 51, 52). On May 12, 2010, Defendant was sentenced to 150 months' incarceration after the Court granted him a variance from the

1

advisory guideline range of 188-235 months. (Docket No. 75). In its Statement of Reasons, the Court explained that, for reasons stated on the record, "[t]he Court varied based on the crack cocaine disparity and the [section 3553A] factors, noting that this case involved a mandatory minimum, 120 months. Given [the] circumstances of [this] offense and the application of the 3553A factors, the Court imposed a 150 month incarceration period, followed by supervision." *Statement of Reasons* at 3. Thus, the downward variance of thirty-eight (38) months granted at Defendant's sentencing was based on the disparity between sentences for offenses involving crack versus powder cocaine which was present in the former version of the guidelines. *Id.*

The Fair Sentencing Act was enacted on August 3, 2010, reducing the statutory penalties for certain crack cocaine offenses. Fair Sentencing Act of 2010 ("FSA"), Pub.L. No. 111-220, 124 Stat. 2372 21 U.S.C. § 841 (2010). In light of the FSA, the Sentencing Commission issued Amendment 750, which revised the crack cocaine guidelines commensurate with the reductions in the statute. U.S.S.G.App.C, Amdt. 750 (effective No. 1, 2011). Later, the Sentencing Commission issued Amendment 759, making the changes in Amendment 750 retroactive. U.S.S.G.App.C. Amdt. 759 (effective Nov. 1, 2011). Defendant now seeks a sentencing reduction under 18 U.S.C. § 3582(c)(2) as a result of these amendments. (Docket No. 78).

At this stage, the parties disagree on whether the application of the 2011 retroactive amendments to the crack cocaine sentencing guidelines would have the effect of reducing the advisory guideline range in this case. (Docket Nos. 82, 86). The parties' dispute arises because they entered into a plea agreement wherein they stipulated that Defendant was responsible for "more than 1.5 kilograms but less than 4.5 kilograms of crack cocaine," (Docket No. 51 at ¶ C.2.), and this stipulated range "straddles" the ranges set forth in two separate base offense levels in the 2011 retroactive amendments, i.e., Guideline §§ 2D1.1(c)(2) and 2D1.1(c)(3). In this regard, a

2

base offense level of 36 applies if the case involved "[a]t least 2.8 KG but less than 8.4 KG of Cocaine Base" while a base offense level of 34 applies if the Defendant was responsible for "[a]t least 840 G but less than 2.8 KG of Cocaine Base." U.S.S.G. §§ 2D1.1(c)(2) and (c)(3). After the three (3) level reduction for acceptance of responsibility is applied, Defendant's total offense level becomes either 33 or 31. Then, based on these offense levels and a criminal history category of IV, the amended advisory guideline range would be calculated as either: (1) 188-235 months, as it was at Defendant's sentencing; or (2) 151-188 months. *See* U.S.S.G. Sentencing Table, Ch. 5, Pt. A. Here, the Government advocates that the Court should use the high end of the stipulated amount of crack cocaine, 4.5 KG, as the starting point of the analysis and Defendant counters that the Court should use the low end of the stipulated amount of crack cocaine, 1.5 KG, for same. (Docket Nos. 82, 86). However, the Court need not resolve this dispute because, for the reasons set forth below, Defendant is ineligible for a reduction to his sentence pursuant to §3582(c)(2) and Guideline § 1B1.10 under the calculations proposed by both parties.

First, if the Government's calculations are adopted, Defendant's advisory guideline range remains the same as the day he was sentenced, i.e., 188 to 235 months. A defendant is only eligible for a reduction of his sentence under § 3582(c)(2) if he was "sentenced to a term of imprisonment based on a range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The United States Court of Appeals for the Third Circuit has likewise recognized that a defendant is ineligible for a sentencing reduction if the 2011 retroactive amendments to the crack cocaine sentencing guidelines do not have "'the *effect* of lowering the sentencing range actually used at sentencing.'" *United States v. Pena*, No. 12-1631, 2012 WL 3854980, at *2 (3d Cir. Sept. 6, 2012) (quoting *United States v. Thompson*, 682 F.3d 285, 287 (3d Cir. 2012)). Given same, Defendant is ineligible for a sentencing reduction if the

3

Court uses 4.5 KG of crack cocaine – an amount of drugs for which he expressly accepted responsibility in his plea agreement – in its calculations in this case.

Second, even if the Court accepted Defendant's formulation of the amended advisory guideline range as 151 to 188 months, he still remains ineligible for a reduction of his sentence because the Court sentenced him to a term of incarceration of <u>150 months</u>' incarceration which is below the proffered amended guideline range. The United States Court of Appeals for the Third Circuit has made clear in *United States v. Berberena*, 694 F.3d 514 (3d Cir. 2012) and *United States v. Ware*, 694 F.3d 527 (3d Cir. 2012) that this Court lacks the authority to grant a reduction of Defendant's sentence below the amended advisory guideline range under Guideline § 1B1.10(b)(2)(A), absent an exception which is not present here. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range…"). Thus, in light of this binding precedent, Defendant's request that the Court reduce his sentence to a term proportionally lower than the amended advisory guideline range to account for the approximately twenty-one percent (21%) variance previously granted at the sentencing, i.e., from 151 to 120.4 months, must be rejected. *See e.g., United States v. Patrick*, Cr. No. 09-81, Docket No. 46 (W.D. Pa. Sept. 25, 2012) (denying § 3582(c)(2) motion seeking a reduction below the amended advisory guidelines range); *United States v. Barfield*, Cr. No. 09-93, 2013 WL 425122 (W.D. Pa. Feb. 4, 2013) (denying § 3582(c)(2) motion because defendant was a career offender and had been granted a variance at sentencing); *United States v. Hilliard*, Cr. No. 05–175, 2012 WL 425968 (W.D.Pa. Feb.9, 2012) (denying § 3582(c)(2) motion because defendant was a career offender and had been granted a downward departure at sentencing).

In his Supplement, Defense counsel acknowledges that Defendant is likely ineligible for a

sentencing reduction as a result of the aforementioned Third Circuit precedent but raises a number of challenges to the amended guidelines scheme, particularly Guideline § 1B1.10(b)(2)(A), which operates to make him ineligible for a sentencing reduction. (Docket No. 82). However, as Defense counsel candidly admits, in *Berberena*, the Court of Appeals expressly rejected the same arguments that revised Guideline § 1B1.10: (1) exceeded and/or violated the Commission's statutory directives; (2) violates the separation of powers; and (3) was not properly noticed for comment. Given that this Court is bound by *Berberena*, Defendant's motion is denied to the extent that he relies on these arguments which were previously considered and rejected by the Court of Appeals. *See Patrick*, Cr. No. 09-81, Docket No. 46 (rejecting same arguments in light of *Berberena*).

Defense counsel further advocates that Guideline §§ 1B1.10(b)(2)(A) and (B) violate Defendant's rights under the Equal Protection Clause. (Docket No. 82). Counsel avers that there is alleged disparate treatment between individuals such as Defendant, who is ineligible for a sentencing reduction under Guideline § 1B1.10(b)(2)(A) because he was granted a variance at sentencing below the amended advisory guideline range and other individuals who were sentenced below the amended advisory guideline range after they provided substantial assistance to the Government and were granted a departure under Guideline § 5K1.1 or a post-sentencing reduction of sentence under Rule 35(b) but remain eligible for a reduction under Guideline § 1B1.10(b)(2)(B). (Docket No. 82). The Government contends that this argument is without merit. (Docket No. 86). After considering the parties' positions and relevant precedent, this Court agrees with the Government that Defendant's motion for a sentencing reduction on this basis must also be denied.[1]

---

[1] However, the Court disagrees with the Government's argument that the Court lacks jurisdiction to consider

Although it appears that the Court of Appeals has not yet had the occasion to directly address whether revised Guideline §§ 1B1.10(b)(2)(A) and (B) potentially violate the Equal Protection Clause as alleged by Defendant, it is clear to this Court that Defendant cannot successfully maintain such a claim on this record. In considering an Equal Protection claim based on an alleged inappropriate classification, the Court must uphold the classification "if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." *United States v. Walker*, 473 F.3d 71, 76-77 (3d Cir. 2007) (quoting *Heller v. Doe*, 509 U.S. 312, 319-320 (1993)). In addition, "[t]he party challenging the classification bears the burden to negate 'every conceivable basis which might support it[.]'" *United States v. Lopez*, 650 F.3d 952, 961 (3d Cir. 2011) (quoting *Heller*, 509 U.S. at 320). Defense counsel claims that "there is no governmental purpose or 'plausible policy reason' to support the exception, as stated in §1B1.10(b)(2)(A) & (B), under which only 'substantial assistance' defendants are eligible for proportionate and comparable reductions below the low end of the amended guideline range." (Docket No. 82 at 8). He further maintains that "[i]n the absence such a purpose, and in the absence of such a policy reason, §1B1.10(b)(2)(A) & (B) is arbitrary and irrational." (*Id.*). Despite Defendant's claim to the contrary, the Sentencing Commission has fully explained the purpose of the challenged classification, as follows:

> the Commission has determined that, in a case in which the term of imprisonment was below the guideline range pursuant to a government motion to reflect the defendant's substantial assistance

---

the instant challenges to Guideline § 1B1.10(b)(2)(A) and (B) because such arguments allegedly are outside the scope of § 3582(c)(2) proceedings. (*See* Docket No. 86). The Court of Appeals has recognized that constitutional arguments which are "independent of and unrelated to any change in the Guidelines," *United States v. McBride*, 283 F.3d 612, 616 (3d Cir. 2002), may not be considered in such proceedings. *See also United States v. Crosby*, 338 F. App'x 116, 117 (3d Cir. 2009) (noting that defendant's argument that his equal protection rights were violated because he could not be sentenced below a statutory mandatory minimum sentence was outside the scope of review). Here, Defendant's constitutional arguments directly challenge the amendment to Guideline § 1B1.10 and may be considered in this proceeding. Indeed, as we have discussed above, the Court of Appeals in *Berberena* considered the merits of a number of challenges to Guideline § 1B1.10, including a constitutional argument that the amendment violated the doctrine of separation of powers. *See Berberena*, 694 F.3d at 523-527.

> to authorities (e.g., under 5K1.1), a reduction comparably less than the amended guideline range may be appropriate. Section 5K1.1 implements the directive to the Commission in its organic statute to "assure that the guidelines reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed * * * to take into account a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." See 28 U.S.C. 994(n). For other provisions authorizing such a government motion, see 18 U.S.C. 3553(e) (authorizing the court, upon government motion, to impose a sentence below a statutory minimum to reflect a defendant's substantial assistance); Fed. R. Crim. P. 35(b) (authorizing the court, upon government motion, to reduce a sentence to reflect a defendant's substantial assistance). **The guidelines and the relevant statutes have long recognized that defendants who provide substantial assistance are differently situated than other defendants and should be considered for a sentence below a guideline or statutory minimum even when defendants who are otherwise similar (but did not provide substantial assistance) are subject to a guideline or statutory minimum. Applying this principle when the guideline range has been reduced and made available for retroactive application under section 3582(c)(2) appropriately maintains this distinction and furthers the purposes of sentencing.**

*Notice of Final Action Regarding Amendment to Policy Statement 1B1.10*, 76 Fed.Reg. 41332, 41334 (July 13, 2011) (emphasis added). In this Court's estimation, the Sentencing Commission's statement of purpose clearly demonstrates that the revisions to Guideline § 1B1.10(b)(2)(A) and (B) survive rational basis review and that the challenged classification does not violate the Equal Protection Clause. *See Walker*, 473 F.3d at 76-77.

The Court further points out that the record in this case demonstrates that Defendant's equal protection rights could not have been violated as a result of the limitation set forth in Guideline § 1B1.10(b)(1)(A). To this end, the variance which was granted at Defendant's initial sentencing hearing was based on the crack/powder cocaine disparity and resulted in a sentence of 150 months, which was 38 months below the advisory guideline range of 188-235 months. (Docket No. 75). However, if the Court had denied the motion for a variance at the initial

sentencing and sentenced him to 188 months, he would only be eligible for a sentencing reduction to a term of imprisonment within the amended advisory guideline range of 151-188 months. As the record presently stands, assuming that Defendant's calculation of the amended guideline range would be adopted, Defendant has already received the full benefit of the retroactive amendment. Therefore, no further reductions would be warranted if Defendant were eligible for a reduction. *See Barfield*, 2013 WL 425122, at *3 (holding that "Defendant was sentenced to the low end of this recalculated advisory guideline range at his initial sentencing. As such, no further reduction of Defendant's sentence would be warranted if he were eligible for such reduction.").

In his *pro se* submissions, Defendant raises two separate arguments which are without merit; however, the Court will briefly address same. Defendant contends that a sentencing reduction is warranted under the Supreme Court of the United States' decision in *Dorsey v. United States*, --- U.S. ---, 132 S.Ct. 2321, 2326 (2012). But, both the Supreme Court and Court of Appeals for the Third Circuit have made clear that the Fair Sentencing Act ("FSA") does not apply to defendants such as Deamues who were sentenced before its effective date on August 3, 2010. *See Dorsey*, --- U.S. ---, 132 S.Ct. at 2326 (holding that the new, more lenient mandatory minimum provisions of the FSA "apply to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3); *see also United States v. Turlington*, 696 F.3d 425, 428 (3d Cir. 2012) (*Dorsey* "does not address, or disturb, the basic principle that the FSA does not apply to those defendants who were both convicted and sentenced prior to the effective date of the FSA"). Defendant also maintains that the Court should reduce his sentence based on his post-offense rehabilitation efforts under *Pepper v. United States*, --- U.S. ---, 131 S.Ct. 1229 (2011), for the reasons set forth in his *pro se* motion and as supported by the attached letters and other evidence he has submitted for the Court's consideration. While the Court commends

Defendant for the strides he has made toward post-offense rehabilitation, it is well-settled that such matters may not serve as the basis for a reduction of sentence under § 3582(c)(2). *See Dillon v. U.S.*, ---U.S. ---, 130 S.Ct. 2683, 2691 (2010) (holding that § 3582(c) "shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding."); *see also United States v. Bell*, Crim. No. 08-0059, 2012 WL 5504857, at *3 (W.D. Pa. Nov. 13, 2012) (Lancaster, C.J.) ("We can neither "vacate" a sentence, nor "re-sentence" a defendant in a 3582(c)(2) proceeding."); *Barfield*, 2013 WL 425122, at *3 (same). Accordingly, Defendant's *pro se* arguments must be denied as well.

For all of these reasons, IT IS HEREBY ORDERED that Defendant's Motion [78] is DENIED.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: February 14, 2013

cc/ecf: All counsel of record

Lazono Fernando Deamues c/o Thomas Livingston, AFPD

Probation Office

U.S. Marshal

Designation & Sentence Computation Center
Federal Bureau of Prisons
346 Marine Forces Drive
Grand Prairie, TX 75051

United States Sentencing Commission
Attn: Document Control -Monitoring
One Columbus Circle, N.E., Suite 2-500
Washington, D.C. 20002-8002